UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALIO HOLDINGS, I, LLC<br>**Plaintiff**<br><br>v.<br><br>WCW HOUSTON PROPERTIES, LLC<br>**Defendant** | § § § § § § § § | C.A. NO. 4:18-CV-01882 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S 12(b)(l) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Dalio Holdings I, LLC ("Plaintiff" or "Dalio"), through undersigned attorney in charge, responds to the Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 79, "Def. Mot.") filed by Defendant WCW Houston Properties, LLC ("Defendant" or "WCW")and would respectfully show the Court as stated hereinbelow, that Defendant's motion lacks merit and warrants denial.

## I. INTRODUCTION

1. Plaintiff commenced this action in this Court on June 8, 2018. Plaintiff alleged that the parties were completely diverse, and that the amount in controversy exceeded $75,000 dollars. *See* ECF No. 1, Complaint, at ¶ 4. Defendant unequivocally agreed. *See* ECF No. 20, "Defendant's Original Answer and Counterclaims" at, at page 1, ¶ 4 (admitting Plaintiff's allegation that the parties were completely diverse). Defendant even put forwards counterclaims and *affirmatively represented that the Court had jurisdiction to adjudicate them* because "*there is complete diversity of citizenship* and the amount in controversy exceeds $75,000.00." *Id.* at page 4, ¶ 3 (emphasis added).

2. Notwithstanding the above, after nearly two years of litigation and with

1

rulings on the parties' summary judgment motions pending, Defendant has had a change of heart. Defendant now claims the Court "must dismiss the case" because, according to Defendant, Plaintiff "has no citizenship for diversity purposes[.]" ECF No. 79, Pgs. 1-4.

3. Dalio contends that WCW's motion boils down to a single faulty assumption, and that assumption being that Azeemeh Zaheer ("Ms. Zaheer"), the American citizen who owns Dalio Holdings I, LLC, must be "domiciled outside the United States," ECF No.79 at Pg. 3, because she has resided in London since 2010. Dalio submits that what WCW intentionally fails to address is that it is well established that "one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989) *See also, Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974) ("[M]ere residence ... is not sufficient."). And as discussed in Ms. Zaheer's declaration filed simultaneously with this opposition ("Zaheer Decl."), Ms. Zaheer is domiciled in New York and has merely resided for work purposes in the United Kingdom.

4. The statutory loophole that forms the basis of Defendant's motion does exist. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (American citizen domiciled abroad "stateless" for purposes of 28 U.S.C. § 1332(a)(3)). *But see, Freidrich v. Davis*, 767 F.3d 374, 378 (3d Cir. 2014) (stating in dicta that the "stateless" person exception is "troubling" and "possibly outdated"). And, for better or worse, WCW's prior representations to this Court do not stop Defendant from *attempting* to jump through that loophole. *But see, Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (Dissent of Ginsburg, J., disagreeing with a ruling that allowed a defendant who "conced[ed] federal subject-matter jurisdiction" to raise a diversity challenge and "return to square one" after losing at trial).

5. Dalio contends that WCW's central contention—the naked assertion that Ms.

2

Zaheer is a foreign domiciliary—is insufficient as a matter of law. Moreover, the evidence establishes that she is domiciled in New York and the Defendant's motion must therefore be denied as will subsequently be shown herein.

## II. FACTUAL BACKGROUND

6. Dalio Holdings I, LLC is a Delaware corporation with its principle place of business in Delaware. ECF No. 14, First Amended Complaint ("FAC") at ¶ 2. It is owned by Azeemeh Zaheer, an American citizen from Ohio. Declaration of Ms. Zaheer attached hereto and made a part hereto as Exhibit A at ¶ 1. Ms. Zaheer is an investment banker. She specializes in managing finances for clients in Asia and the Middle East. *Id.* at ¶ 2.

7. WCW Houston Properties, LLC filed its Original Answer and Counter-Claims. ECF No. 20. WCW admitted that diversity jurisdiction exists. Dalio requests this Court take judicial notice of WCW's Original Answer and Counter-Petition. Specifically, WCW's answer states:

> "Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00."ECF No.2, Pg. 4, at ¶ 3.

8. Despite WCW's judicial admissions filed a year and a half ago, it now desires to put the matter before the Court. Because, WCW has not requested the Court permit the withdrawal of its judicial admission regarding diversity, Dalio contends that the matter has been conclusively established.

9. Notwithstanding the above, approximately ten years ago, Ms. Zaheer joined an investment bank with offices in New York and London. Exhibit A, Declaration of Ms. Zaheer at ¶ 2. She was assigned to the firm's London office because it managed

3

all investments for the bank's Middle Eastern clients. *Id.* She always intended to leave London to live in New York when her work allowed her to do so. *Id.* at ¶ 5. She never applied for a driver's license, purchased any property, or applied for citizenship in the United Kingdom. Exhibit A, Declaration of Ms. Zaheer at ¶¶ 7-8. She has no family ties whatsoever to the United Kingdom. *Id.* at ¶ 9.

10. In 2015 and 2017 Ms. Zaheer took real estate finance classes in Massachusetts at Harvard and the Massachusetts Institute of technology, respectively. Exhibit A , Declaration of Ms. Zaheer at ¶ 10. This was done to assist her in transitioning her business from the United Kingdom to New York. *Id.* The curriculum had no value for work in the United Kingdom. *Id.*

11. Once the Brexit referendum passed in 2016, Ms. Zaheer knew she would have to leave London within the next several years, as the United Kingdom would no longer be a desirable forum for Middle East investors. Exhibit A, Declaration of Ms. Zaheer at ¶ 11. Ever since the Brexit referendum passed, she has transferred her work and personal life to New York City. *Id.* at ¶ 13. She has divided her time between the United Kingdom and New York and shopped for a home to purchase in New York City. *Id.* at ¶¶ 14-15. She has a physical address where she has stayed since 2016 whenever she is in New York. *Id.* at ¶ 16. She also has a New York bank account and most of her business dealings since 2016 have been with New York Banks. *Id.* at ¶ 14.

### III. LEGAL STANDARD

12. A Fed. R. Civ. P. 12(b)(1) motion challenges a federal district court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In resolving a motion, the Court may rely on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

4

plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc).

13. The Court has subject matter jurisdiction over all cases "where the matter in controversy exceeds the sum or value of $75,000 ... and is between... citizens of different States[.]" 28 U.S.C. § 1332(1). "'Citizenship' and 'residence' are not synonymous terms." *Parker v. Overman*, 59 U.S. 137, 141 (1855). Rather, an individual is a citizen of the state where she establishes her domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). "A person acquires a domicile of origin at birth, and this domicile is presumed to continue absent sufficient evidence of change." *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003) (quotations omitted). A person cannot change their domicile unless they demonstrate "(1) residence in a new state, and (2) an intention to remain in that state indefinitely. ... Mere presence in a new location does not effect a change of domicile." *Id.* An LLC shares the citizenship of its members, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

14. The party asserting subject matter jurisdiction bears the burden to show by a preponderance of the evidence that it exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). However, under the continuing domicile doctrine there is a presumption that once a person's domicile is established, domicile continues to exist, a "party seeking to show a change in domicile to come forward with enough evidence to that effect." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 819 (5th Cir. 2007).

### IV. ARGUMENT

15. Dalio Contends that WCW's Original Answer and CounterClaim judicially admitted the factual basis supporting diversity jurisdiction. Whether a statement is a judicial admission in a diversity case is a matter of federal law. *Barnes v. Owens-*

5

*corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000). Because the admissibility of evidence is a procedural matter, it is governed by federal law. *Id.* Under federal law, stipulations and admission in pleadings are generally binding on the parties and the Court. *Ferguson v. Neighborhood Hous. Servs. Of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) A court's determination that a statement is a judicial admission is an evidentiary ruling as it may exclude certain evidence. *Mac Ddonald v. Gen.Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997). A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny the allegation. *American Title Insurance Co., v. Lacelaw Corporation*, 861 F.2d 224, 226 (9th Cir. 1988). Once made the subject matter of the admission, it should not be reopened in the absence of a showing of exceptional circumstances. *Ferguson*, 780 F.2d at 551 citing *New Amsterdam Cas. Co. v. Waller*, 323 F2d 20, 24 (4th Cir. 1963). Admissions in pleadings regularly for the basis for the court's determination on diversity jurisdiction. *See Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d, 861 (W.D. 2016)(holding allegations in insured's petition seeking monetary relief below diversity jurisdictional threshold were binding judicial admissions so long as they were not amended) and *Zubie Wear v. American Time Manufacturing, Ltd*, 2012 WL 6629603 (W.D. 2012)(note reported) (holding a stipulation included within the state court petition can constitute a binding judicial admission sufficient to limit the amount in controversy and preclude removal predicated on diversity jurisdiction.) In conclusion, because diversity is a question of fact, and WCW judicially admitted the parties were completely diverse, that matter is conclusively proved before the Court.

16. Alternatively, Defendant's three-page motion relies entirely on the contention that Ms. Zaheer was domiciled in the United Kingdom—as opposed to any of the United States—at the time this action commenced. Defendant's argument fails for

6

multiple reasons.

### A. Defendant has not met its burden of producing evidence that Ms. Zaheer changed her domicile to the United Kingdom.

17. Ms. Zaheer spent her entire childhood in Ohio and Defendant acknowledges that Ms. Zaheer is a United States citizen. It is beyond serious dispute that, at some point at least, she was domiciled in Ohio. *See* Def. Mot. Ex. 1 at 10:6-7 (Q. "Okay. Where did you grow up?" A. "Ohio."); Exhibit A, Declaration of Ms..Zaheer. at ¶ 1. Consequently, Defendant is implicitly arguing that Ms. Zaheer changed her domicile when she moved to London and as the party asserting a change in domicile, Defendant bears the burden of presenting evidence to that effect. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Dalio contends that Defendant's motion falls well short of satisfying this burden.

18. To support its contention that Ms. Zaheer changed her domicile to the United Kingdom, Defendant offers exactly one fact: Ms. Zaheer has resided in the United Kingdom since 2010. Def. Mot. at 3. What Defendant ignores, however, is that "[t]here is no durational residency requirement in the establishment of domicile[.]" Moore's Federal Practice, § 102.34[10] (3d ed.2001). Indeed, domicile can be established "instantaneously." *Id.* What matters is whether the "presence in the new state *and intent to remain* are met." *Id.* (emphasis added). As one Fifth Circuit district court explained:

> The mere fact that someone has left a domicile is insufficient to overcome the continuing domicile presumption. a person can change residence with an intent never to return, yet still not form an intent to remain in the new residence(s) indefinitely. In this likely scenario, a person could move away for years, decades, or even a lifetime, never intending to return, yet continuing to retain the last established domicile

*United States v. Dixon*, No. CRIM. A. 05-209, 2006 WL 380816, at *1 (E.D. La.

7

Feb. 14, 2006). *See also*, *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974) ("Though she testified that ... she had no intention of returning to her parents' home in Mississippi, Mrs. Mas ... lacked the requisite intention to remain [in Louisiana]. ... Until she acquires a new domicile, she remains a domiciliary, and thus a citizen, of Mississippi.").

19. Put simply, Dalio contends that Defendant has failed to put forward any evidence whatsoever that Ms. Zaheer ever intended to change her domicile to the United Kingdom. The snippets of deposition testimony offered by Defendant—the *only* evidence accompanying Defendant's motion—establish only that Zaheer moved to the United Kingdom. This is insufficient as a matter of law. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000) ("[A]lthough plaintiffs' counsel repeatedly asked Corio whether he had 'moved' to Pennsylvania, Corio was not asked whether he had intended that move to be permanent.").Dalio contends that Defendant's failure of proof dooms its motion because "[a] party alleging a change in domicile must prove the requisite intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 97 (E.D.N.Y. 2019) (quotations omitted). Defendant's motion should be denied.

### B. Ms. Zaheer was never domiciled in the United Kingdom.

20. Even if the Court finds that Defendant met its initial burden of producing evidence that Ms. Zaheer was no longer an Ohio domiciliary, Ms. Zaheer's Declaration attached as Exhibit A makes clear that she lacked the required intent to remain in the United Kingdom.

21. The Fifth Circuit uses a multi-factor test to infer a person's intent. Factors that the Court can consider include "places where the litigant exercises civil and political

rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). "Courts are required to weigh all factors equally; no single factor is determinative." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). Statements of intent are also entitled to substantial weight unless they "conflict with the objective facts." *Id*. Indeed, at least one court in this circuit held that a person's "professed intent" controlled because it was not "belie[d] by a preponderance of the evidence." *Mississippi Farm Bureau Cas. Ins. Co. v. Bell*, 275 F. Supp. 3d 790, 794 (S.D. Miss. 2017).

22. Under the approach outlined above, Dalio contends that Ms. Zaheer was never domiciled in the United Kingdom. The only reason she moved to London was that her job at the time required her to. *Id*. at ¶ 3.Ms.Zaheer's intent was always to return to the United States as soon as her work permitted her to do so. Exhibit A , Declaration of Ms..Zaheer at ¶¶ 4-5.Ms.Zaheer never purchased property in the United Kingdom, and never applied for citizenship or even a driver's license. *Id*. at ¶¶ 6-8. Moreover, she has repeatedly returned to the United States to study at American universities for the express purpose of continuing her work in finance in the United States. *Id*. at ¶ 10. After the Brexit referendum made the United Kingdom less desirable for Middle East investors, Ms. Zaheer accelerated the process of transitioning her business activities to New York. *Id*. at ¶¶ 11-13.

23. Dalio contends that these are all objective facts supporting Ms. Zaheer's professed intent to return to the United States. Moreover, they are consistent with the deposition snippets offered by Defendant. *Palazzo*, 232 F.3d at 43 ("Corio was not asked whether he had intended that move to be permanent. Accordingly, Corio was entitled to testify at the evidentiary hearing as to whether or not he had that intent."). Thus, Dalio contends that the record makes clear that "[n]othing actually *changed*"

9

when Ms. Zaheer moved to London "other than [her] place of residence." *Bell*, 7275 F.Supp.3d. at 794 (emphasis original) (crediting parties' statement that they intended to return to Mississippi, despite living and working in Alabama for nearly a year). *See also*, *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("citizenship is not necessarily lost by protracted absence from home, where the intention to return remains"); *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985) ("unlikely" that a plaintiff was a citizen of Texas when "[t]hey have never had any permanent ties to Texas[.]"); *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991) (intent to remain element not satisfied if a person has "present intent to move to another state.").

24. In summary, there is no evidence that Ms. Zaheer was in the United Kingdom for any reason other than to work temporarily. As Ms. Zaheer lacked the intent required to become a United Kingdom domiciliary, Defendant's jurisdiction challenge fails.

### C. Ms. Zaheer is a New York citizen.

25. Finally, the evidence establishes that, at all relevant times, Ms. Zaheer was domiciled in New York. She intended to live there full-time even prior to moving to the United Kingdom, Exhibit A, Declaration of Ms. Zaheer at ¶ 5; has had a fixed address there for years, *Id.* at ¶ 16; and has extensive personal and professional ties to New York. *Id.* Ms. Zaheer also travels to New York City frequently and has been in the market for a house there for over a year. *Id.* at ¶ 15.

## V. CONCLUSION

For the foregoing reasons, Dalio contends that Defendant's motion should be denied in all things.

Respectfully submitted,

**U. LAWRENCE BOZE' & ASSOCIATES, P.C.**

*/s/ U. Lawrence Boze'*
U. Lawrence Boze'
SBOT#02801600
So.Dist.Tex.No.6174
2212 Blodgett
Houston, Texas 77004
(713) 520-0260 Office
(713) 520-6194 Fax
Bozelaw@aol.com Email
**Attorney In Charge For Plaintiff**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing pleading was served on Defendant's lead attorney in charge, by certified mail, return receipt requested, facsimile, hand delivery, e-mail and/or electronic filing on this 29th day of April 2020.

*/s/ U. Lawrence Boze'*