IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DALIO HOLDINGS I, LLC,** | § |
| *Plaintiff,* | § § § |
| v. | §   Civil Action Number: 4:18-cv-01882 |
| **WCW HOUSTON PROPERTIES, LLC,** | § § § |
| *Defendant.* | § |

**DEFENDANT'S REPLY TO THE PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant WCW Houston Properties, LLC ("WCW") files this Reply to the Dalio Holdings I, LLC's ("Dalio") Response (the "Response") to WCW's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion").

## Relief Requested

The court should enter an order granting the Motion. In the Response, Dalio argues that the court should not dismiss this case for two reasons: 1) WCW waived its challenge to the court's subject matter jurisdiction through both judicial admissions in its pleadings and through its conduct; and 2) Dalio's owner Azeemeh Zaheer ("Zaheer") is a resident of New York and not the United Kingdom. Dalio's first argument fails because WCW cannot waive a challenge to the court's subject matter jurisdiction, nor can it be estopped from challenging it as a matter of law. Dalio's second argument fails because Dalio's own evidence establishes that Zaheer established her domicile in the United Kingdom, and although she may intend to move to New York at an indefinite date in the future, she has not yet done so. Accordingly, the court should grant the Motion and dismiss this case.

A. **<u>WCW Cannot Waive its Challenge to the Court's Subject Matter Jurisdiction.</u>**

In the Response, Dalio argues that WCW waived its ability to challenge the court's jurisdiction by 1) making a judicial admission in its pleadings that the court has subject matter jurisdiction; and 2) litigating this case in federal court for two years.  These arguments are inconsistent with the plain language of Federal Rule of Civil Procedure 12, and both arguments have been expressly rejected by the Supreme Court.

The Fifth Circuit has expressly held that under the plain language of Federal Rule of Civil Procedure 12, the lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court.  *Coury v. Prot,* 85 F3d 244, 249 (5th Cir. 1996).  The Supreme Court has held that a party cannot waive the defense and cannot be estopped from raising it.  *Id citing Insurance Corp. of Ireland v. Copagnie des Bauxites de Guinee*, 456 U.S. 694 (1982); *Owen Equip. & Erection Co., v. Kroger*, 437 U.S. 365 (1978).  The Supreme Court has also repudiated any attempt by lower courts to establish a waiver of challenges to subject matter jurisdiction through conduct.  *Coury,* 85 F.3d at 249.[1]

As WCW cannot waive a challenge to subject matter jurisdiction, WCW's alleged judicial admission in its pleadings as well as the length of time this case has existed in federal court are irrelevant.  Accordingly, WCW has not waived its challenge to the court's subject matter jurisdiction as a matter of law.

B. **<u>Dalio's Evidence Conclusively Establishes that Azeemeh Zaheer's Domicile is in the United Kingdom, Which Precludes Diversity Jurisdiction as a Matter of Law.</u>**

In the Response, Dalio admits that Zaheer has resided and worked in the United Kingdom for over a decade, but it nonetheless contends that the United Kingdom is not her domicile because

---

[1] Despite Dalio's statements to the contrary, WCW did not proceed with litigation in federal court when it had any reason to believe that the court lacked subject-matter jurisdiction.  WCW did not discover that Zaheer was a United States citizen until her deposition in late March 2020.  Dalio refused to present Zaheer for her deposition at any earlier date, and indeed failed to produce her for a previously noticed deposition.

she has always intended to move to and eventually reside in New York. This evidence is not only insufficient to establish New York as Zaheer's domicile, but conclusively establishes that the United Kingdom is her domicile. As such, the court should dismiss this case.

1. *Zaheer has admitted that she abandoned her prior domicile in the United States and established her domicile in the United Kingdom by moving there for an indefinite period.*

In the Response, Dalio admits that the United Kingdom has been her domicile since she moved there. With few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1999). A United State citizen domiciled abroad has no citizenship for diversity purposes. *Id* at 250. A person's domicile persists until a new one is acquired, or it is clearly abandoned. *Id citing Mas v. Perry,* 489 F.2d 1396 (5th Cir. 1974).

Dalio provides evidence that Zaheer resided in Ohio, Washington, and Texas at various points in her life before moving to the United Kingdom for work. And although Dalio indicates that Zaheer subjectively intended the move abroad to be temporary, Dalio provides no evidence that Zaheer retained any intention to return to any of those three states after her move abroad. Indeed, Zaheer indicates quite the contrary. Any subjective intention Zaheer had to return to the United States would be to New York, a state in which she had never previously resided. *See* Exhibit 1 to the Motion, ¶ 4. Accordingly, it is undisputed that Zaheer abandoned her domicile and citizenship of whichever state she resided prior to moving to the United Kingdom.

Dalio further provides evidence that Zaheer's residence in the United Kingdom satisfies the Fifth Circuit's standard for establishing a new domicile. A change in domicile requires the concurrence of: 1) physical presence at the new location; and 2) an intention to remain there indefinitely. *Coury*, 85 F.3d at 249. "Physical presence" requires "a taking up of residence in a different domicile." *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974). Zaheer's residence in London satisfies both elements of this test.

Zaheer has been physically present in the United Kingdom for a ten-year period. Specifically, Zaheer admits that she joined an investment bank ten years ago that required her to move to London for work. *See* Exhibit 1, ¶¶ 1-2. Moreover, even after Zaheer left the job that required her to move to London, Zaheer decided to stay in London and create her own company in 2015. *Id* at ¶ 3. Zaheer has remained in London in that position for the previous five years. *Id.* Accordingly, Zaheer has been physically present in the United Kingdom for ten years. Thus, Zaheer's residence in the United Kingdom satisfies the first element of the Fifth Circuit's domicile analysis.

The Response also establishes that Zaheer intended to stay in the United Kingdom for an indefinite period when she first moved there. The Fifth Circuit provides that "if the new state is to be one's home for an indefinite period of time, [the party] has acquired a new domicile." *Hardin v. McAvoy,* 216 F.2d 399, 402 (5th Cir. 1954). It is the intention at the time of arrival which is important. *Id* at 403. Zaheer specifically states "it has always been my intention to return to the United States and live in New York City …. when my job no longer requires me to be in England." *See* Exhibit 1 to the Motion, ¶ 4. Accordingly, Zaheer admits that her intention was to remain in London as long as her job required her to do so, which is clearly an indefinite period. As such, Zaheer has expressly admitted that her residence in the United Kingdom satisfies the second element of the Fifth Circuit's domicile analysis. The court should therefore grant the Motion.

2. *<u>Dalio has failed to establish Zaheer's domicile in New York as it provides no evidence that Zaheer has been physically present in New York with no intention of leaving</u>.*

Dalio has entirely failed to establish that Zaheer has abandoned her domicile in the United Kingdom by establishing a new domicile in New York. A person's domicile persists until a new one is acquired, or it is clearly abandoned. *Coury,* 85 F.3d at 250. As the party attempting to show a change of domicile, Dalio assumes the burden of going forward on that issue. *Id.* It is not enough to intend to make the new state one's home. *Hardin*, 216 F.2d at 402-03.

Dalio has failed to establish that Zaheer has taken up residence in New York. In the Response, Zaheer makes the vague statement that she began moving her business and personal life to New York after 2016.[2] *See* Exhibit 1 to the Motion, ¶ 12. This statement provides no evidence regarding whether Zaheer has ever physically resided in New York. And indeed, it cannot as Zaheer has previously provided sworn testimony that she currently resides in London. *See* Exhibit 1 attached hereto. Moreover, Zaheer makes clear that although she may want to make New York her home, she has not yet done so. Specifically, Zaheer admits that she will not physically move to New York until she finishes winding down her business obligations in the United Kingdom on some indefinite date in the future. *Id* at 12. Accordingly, Zaheer admits that although she may desire to move to New York, she has not yet done so, and will not actually do so on any determinable date. As Zaheer has at most only a future intent to move to New York, she cannot have established her domicile there. Accordingly, Zaheer's domicile remains in the United Kingdom. Dalio therefore cannot be a diverse party under 28 U.S.C. § 1332 as a matter of law. The court should therefore grant the Motion and dismiss this case.

## Relief Requested

Based on the foregoing, WCW Houston Properties, LLC requests that the court enter an order 1) dismissing this case for lack of subject matter jurisdiction; and 2) granting it all other relief to which it is justly entitled.

---

[2] Zaheer further fails to establish that she "transferred [her] work and personal life to New York" prior to the filing of this lawsuit, which is the relevant date for the court's diversity analysis. Zaheer states only that the alleged transfer occurred after 2016. It is therefore equally likely that the alleged transfer occurred after the filing of this lawsuit.

Respectfully submitted,

By: */s/ M. Kevin Powers*
M. Kevin Powers--*Attorney in Charge*
State Bar No. 24041715
1776 Yorktown, Suite 300
Houston, TX 77056
(713) 621-0700 (tel)
(713) 621-0709 (fax)
kevin@porterpowers.com

**OF COUNSEL:**

**PORTER & POWERS, PLLC**
1776 Yorktown, Suite 300
Houston, TX 77056
(713) 621-0700 (tel)
(713) 621-0709 (fax)

**ATTORNEYS FOR WCW HOUSTON PROPERTIES, LLC**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on all parties entitled to receive notice through the court's ECF system on May 5, 2020.

*/s/ M. Kevin Powers*
M. Kevin Powers