United States District Court
Southern District of Texas
**ENTERED**
October 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALIO HOLDINGS I, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1882 |
| | § | |
| WCW HOUSTON PROPERTIES, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Rule 12(b)(1) Motion to Dismiss (the "Motion") (Doc. #79), Plaintiff's Response (Doc. #86), and Defendant's Reply (Doc. #88). Having considered the parties' arguments and applicable law, the Court grants the Motion.

### I.   Background

This case concerns the foreclosure of property located at 8050–8098 Westheimer Road, Houston, TX 770063 (the "Property") and owned by nonparty Texas REIT, LLC. Doc. #14 ¶ 6. Plaintiff Dalio Holdings I, LLC is a limited liability company owned by Azeemeh Zaheer, a U.S. citizen residing in London, England. *Id.* ¶ 1; Doc. #79, Ex. 1 at 10:3, 10:13–14, 29:8–11; and Doc. #88, Ex. 1 ¶ 1. Defendant WCW Houston Properties, LLC is a Texas limited liability company. Doc. #20 ¶ 3. Plaintiff and Defendant individually assert liens against the Property based on loans agreements executed by Texas REIT. Doc. #14 ¶ 6–8. Defendant is the junior lienholder. Doc. #14 ¶ 8 and Doc. #20 ¶ 8.

In connection with their purported security interests in the Property, the parties have initiated at least seven different proceedings in both state and federal court. *See* Doc. #14 ¶¶ 8–12; Doc. #41; and Doc. #93. Plaintiff commenced this particular action on June 8, 2018, seeking a judicial declaration sanctioning its right to foreclose on the Property. Doc. #1. Plaintiff then

proceeded with a foreclosure sale of the Property on July 3, 2018, acquiring the Property for a credit bid against the amounts owed under the loan agreements. Doc. #14 ¶¶ 9, 12–14. Plaintiff subsequently amended its complaint to seek a judgment declaring the foreclosure proper. *Id.* ¶¶ 16–17. Defendant countersued for wrongful foreclosure, declaratory relief, and conversion. Doc. #20. The parties have a related case pending before District Judge Vanessa D. Gilmore of the Southern District of Texas. *See* Doc. #93.

Defendant filed the Motion on April 8, 2020, arguing that Plaintiff cannot invoke diversity jurisdiction because its owner Zaheer is a U.S. citizen domiciled abroad. Doc. #79. Plaintiff contends that Zaheer is domiciled in either Ohio, where she spent her childhood, or New York, where she intends to live. Doc. #86. The parties presented oral arguments on the Motion during a hearing held on May 28, 2020.

## II.   Legal Standard

### a.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "The party responding to the 12(b)(1) motion bears the burden of proof that subject matter jurisdiction exists. A district court may find a lack of subject matter jurisdiction on either: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 494–95 (5th Cir. 2020) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)) (internal citations omitted).

### b.   Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity

of citizenship among the parties and the amount in controversy exceeds $75,000. 'Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355–56 (5th Cir. 2017) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (alteration and internal citation omitted). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC . . . involved in a litigation." *Settlement Funding*, 851 F.3d at 536.

To be a citizen of a state under § 1332(a), a "person must be both (1) a citizen of the United States, and (2) a domiciliary of that state." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Thus, a U.S. citizen, "living abroad, cannot sue or be sued in federal court under diversity jurisdiction" unless that party is domiciled "in particular state of the United States." *Id.* (citing 1 J. Moore, Moore's Federal Practice § 0.74[4] (1996)). "Domicile requires the demonstration of two factors: residence and the intention to remain. Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc*, 485 F.3d 793, 798–99 (2007)). A party seeking to show a change in domicile must demonstrate "(1) physical presence at the new location and (2) an intention to remain there indefinitely." *Coury*, 85 F.3d at 250 (citing Wright–Miller–Cooper, Federal Practice and Procedure § 3613). "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.* at 251 (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th

Cir.1985)).

**III.     Analysis**

In the Amended Complaint, Plaintiff alleges that subject matter jurisdiction exists "because the parties are diverse and the amount in controversy exceeds $75,000." Doc. #14 ¶ 4. After deposing Zaheer on February 26, 2020, Defendant raised this jurisdictional challenge, arguing that "Zaheer and thus [Plaintiff] is not a citizen of any state for diversity purposes, nor is it a citizen of a foreign company [sic] so as to allow it to invoke alienage jurisdiction." Doc. #79 at 3. In the Response, Plaintiff asserts that Zaheer's state of domicile is Ohio or, alternatively, New York and submitted a sworn a declaration from Zaheer in support. Doc. #86. Plaintiff also claims that diversity of citizenship exists because Defendant "judicially admitted the parties were completely diverse" more than a year before filing the Motion.[1] *Id.* ¶ 15.

In sworn testimony, Zaheer stated that she lives in London but grew up in Ohio. Doc. #79, Ex. 1 at 10:3–7 and Doc. #86, Ex. 1 at 1. According to Zaheer, she "went from Ohio to Texas, Texas to Seattle, and then Seattle back to Texas. And then ten years ago [she] moved to London." Doc. #79 at 10:10–13 and Doc. #86, Ex. 1 at 1. There, she joined an investment bank that assigned her to the London office, even though she "would have preferred to work in or near New York City." *Id.* ¶ 2. About five years ago, Zaheer started her own asset management firm but "had to

---

[1] Specifically, Plaintiff points to Defendant's Original Answer and Counterclaim in which Defendant alleges, "Jurisdiction is proper pursuant to 28 U.S.C. 1332(a), as there is complete diversity of citizenship . . . ." Doc. #20 at 4. But "lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court." *Coury*, 85 F.3d at 248 (citing FED. R. CIV. P. 12(h)(3)). Indeed, "a party cannot waive the defense and cannot be estopped from raising it." *Id.* Thus, it is immaterial when Defendant filed the Motion, because a party may challenge subject matter jurisdiction "at any time during the pendency of the case." And because Defendant cannot waive subject matter jurisdiction, Defendant is not precluded from asserting a Rule 12(b)(1) defense even at this stage of the litigation.

remain in London initially so that [she] would be easily geographically accessible to [her] clients." *Id.* ¶ 3. Her main office remains in London, and Plaintiff does not have an office anywhere else. Doc. #79 at 35:22–25. Additionally, after Plaintiff foreclosed on the Property, Zaheer "assigned" her "ownership" interest to Ali Choudhri, who "manages everything day to day . . . because [Zaheer] live[s] in London. *Id.* at 37:15–17, 118:12–119:1, 121:1–2.

Still, Zaheer claims that she has always intended to return to the United States and live in New York City "when [her] job no longer requires [her] to be in England." Doc. #86 ¶ 4. Apparently, Zaheer has known since 2016 that she would leave the United Kingdom "within the next several years" and plans to move to New York, where she has "numerous business and personal contacts," "consider[s] to be [her] home," and will "reside full-time once [she has] finished winding down [her] business obligations in England." *Id.* ¶ 12. Even so, she has "yet to purchase a home in New York City" and stays with a friend each time she visits. *Id.* ¶¶ 15–16.

Here, because Plaintiff is a limited liability company, Plaintiff must establish Zaheer's citizenship to proceed in federal court under § 1332(a). *See Settlement Funding*, 851 F.3d at 536 ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC . . . ."). Zaheer's sworn testimony indicates that she currently lives in the United Kingdom, which "is prima facie proof of [her] domicile." *Hollinger*, 654 F.3d at 571 (citing *Preston*, 485 F.3d at 799). So as a U.S. citizen living abroad, she "cannot sue or be sued in federal court under diversity jurisdiction" unless she is domiciled "in a particular state of the United States." *Coury*, 85 F.3d at 248. Yet, Zaheer cannot be domiciled in Ohio because domicile requires "residence and the intention to remain," and Plaintiff does not allege that Zaheer resides or intends to remain in Ohio. *Hollinger*, 654 F.3d at 571 (citing *Preston*, 485 F.3d at 798). And even if Zaheer moves to New York City at some point, this statement carries little weight in

evaluating her domicile, considering that Zaheer does not live, work, or own real estate there. *See Coury*, 85 F.3d at 250 (citing *Freeman*, 754 F.2d at 556) ("A litigant's statement of intent . . . is entitled to little weight if it conflicts with the objective facts."). At any rate, because Zaheer is not physically present in New York City, Plaintiff cannot show a change in domicile. *See id.* at 251 (explaining that change in domicile requires "(1) physical presence at the new location and (2) an intention to remain there indefinitely"). Thus, the Court finds that Plaintiff has not met its burden of proving subject matter jurisdiction because the facts show that Zaheer has no U.S. domicile for diversity purposes. *See Wilson*, 955 F.3d at 494 ("The party responding to the 12(b)(1) motion bears the burden of proof that subject matter jurisdiction exists.").

Accordingly, because Plaintiff failed to establish diversity of citizenship, and diversity is the purported basis for subject matter jurisdiction, the Court grants the Motion.

### IV. Conclusion

The Court concludes that Plaintiff has failed to demonstrate diversity of citizenship to invoke jurisdiction under § 1332(a) because Plaintiff is a limited liability company with Zaheer as its sole member, and Zaheer is a U.S. citizen domiciled in the United Kingdom. Accordingly, the Motion is hereby GRANTED.

It is so ORDERED.

October 5, 2020
Date

The Honorable Alfred H. Bennett
United States District Judge